AO 248 (Rev. S.D. Ind. 09/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case Nos. 1:16-cr-249-JMS-MJD-2 and 1:16-cr-250-JMS-MJD-3 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JESSICA DREYER | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motions is:

☐ DENIED.

☒ DENIED WITHOUT PREJUDICE. In the above-captioned cases Defendant filed identical pro se motions that the Court construes as motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Defendant's motions do not provide the Court with sufficient information to determine whether it should grant compassionate release under § 3582(c)(1)(A). Specifically, while Defendant contends that she suffers from certain medical conditions that increase her risk of experiencing severe symptoms if she contracts COVID-19, she does not explain whether she has received or been offered the COVID-19 vaccine, which would reduce her risk of contracting COVID-19. Such information is pertinent to the Court's evaluation of whether Defendant has presented an "extraordinary and compelling reason" warranting a sentence reduction under § 3582(c)(1)(A)(i). *See United States v. Broadfield*, __ F.4th __, No. 20-2906, 2021 WL 3076863, at *2 (7th Cir. July 21, 2021) ("[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than

a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). It also appears that Defendant has been released from FCI Pekin, *see* https://www.bop.gov/inmateloc/ (last visited July 26, 2021) (showing Defendant as being under the supervision of the Residential Reentry Management Office in St. Louis), and Defendant has not explained why the risk from the COVID-19 pandemic still constitutes an extraordinary and compelling reason to reduce her sentence. Accordingly, Defendant's motions, dkt. [281] in Case No. 1:16-cr-249-JMS-MJD-02, and dkt. [305] in Case No. 1:16-cr-250-JMS-MJD-03, are **denied without prejudice**. If Defendant wishes to renew her motions, she may do so by completing and returning the attached form motion. (Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Pro Se Prisoner)). Among other things, the form requires Defendant to explain whether she has received or been offered the COVID-19 vaccine.

☐ OTHER:

IT IS SO ORDERED.

Date: 7/26/2021

*Jane Magnus-Stinson* (signature)
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Jessica Dreyer
Reg. No. 15485-028
5266 W. Woodland Rd.
Ellettsville, IN 47429

All Electronically Registered Counsel